UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTA PEREZ BONILLA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, in his official capacity, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  25cv3818-LL-BJW<br><br>**ORDER GRANTING IN PART PETITION**<br><br>**[ECF No. 1]** |

Petitioner Berta Perez Bonilla is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On December 29, 2025, she filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner is a Mexican national who entered the United States without inspection in or about 2006. *Id.* ¶ 1. Petitioner has a pending application for asylum and withholding of removal as well as cancellation of removal and adjustment of status before the San Diego Immigration Court. *Id.* ¶ 2. She was apprehended on or about October 2025 at an immigration checkpoint in the interior of the United States and is currently detained at the Otay Mesa Detention Center. *Id.* ¶¶ 1, 27. She seeks a writ of habeas corpus directing Respondents to rule in her favor and order her immediate release or alternatively, a bond hearing. *Id.* ¶ 5.

On January 12, 2026, Respondents filed a Return in which they "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this court directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2. Respondents state that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)." *Id.*

On January 16, 2026, Petitioner filed a Traverse in which she argues that "in light of recent agency guidance, Petitioner maintains that a Writ of Habeas Corpus from this Court ordering her immediate release is both appropriate and necessary to avoid further irreparable injury." ECF No. 5 at 2 (hereinafter "Traverse"). In support of her argument, Petitioner relies on an instruction that she states was given to all Immigration Judges on January 13, 2026. *Id.* at 1 (citing Exhibit 1 attached to Traverse). Specifically, Petitioner states: "[O]n January 13, 2026, Chief Immigration Judge Teresa L. Riley instructed *all* Immigration Judges to follow the BIA's decision in *Yajure Hurtado* as binding precedent despite the final judgment issued in *Maldonado Bautista*." *Id.* Petitioner quotes Judge Riley as follows: "[a] declaratory judgment is not an equitable remedy and does not, by itself, have the effect of compelling specific action by a party." *Id.* In other words, Petitioner argues that under *Yajure Hurtado*, pursuit of a § 1226(a) bond hearing is futile because under that case, the Immigration Judges lack jurisdiction to consider custody redetermination for noncitizens detained under § 1225. *Id.* at 6-7. Therefore, Petitioner argues that "so long as Petitioner remains in custody without a meaningful opportunity to seek bond, Petitioner is continuing to suffer irreparable injury in the form of unlawful detention without recourse outside the instant petition." *Id.* at 7. Accordingly, Petitioner requests that the Court waive the prudential exhaustion requirement. *Id.* at 8.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under §2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Petitioner states:

In the Ninth Circuit, courts may require prudential exhaustion if (1) agency

2

expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nonetheless, courts may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).

Traverse at 2 (internal citations and quotations omitted).

Here, even if this Court were to find that exhaustion would be futile,[1] given the facts of this case, the appropriate remedy is still an individualized bond hearing with a directive to Respondents that they shall not deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

Petitioner has not provided sufficient factual or legal basis to support her request for immediate release under the circumstances of her case. For example, Petitioner relies on *Ramirez v. Noem* to argue that the Nevada District Court found against requiring prudential exhaustion for "a plaintiff similarly situated to Petitioner." Traverse at 3 (citing *Ramirez v. Noem*, 2025 WL 3270137 (D. Nev. Nov. 24, 2025)). First, *Ramirez* predates the final judgment in *Maldonado Bautista*, which was issued on December 18, 2025. Second, the

---

[1] Before final judgment was issued in *Maldonado Bautista*, courts in this district have found that exhaustion would be futile because the Board of Immigration Appeals is obligated to apply the binding precedent of *Matter of Yujare Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), to find that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See, e.g., Valdovinos v. Noem*, No. 25cv-2439-TWR-KSC (S.D. Cal. Sept. 25, 2025), ECF No. 9; *Garcia v. Noem*, 2025 WL 2549431, at *4-5 (S.D. Cal. Sept. 3, 2025). Notably, the relief in both *Garcia* and *Valdovinos* was that the respondents must provide the petitioners with individualized bond hearings under § 1226(a) and that the respondents should not deny bond on the basis that § 1225(b)(2) requires mandatory detention.

facts in *Ramirez* are distinguishable from this case. The first named plaintiff in *Ramirez*, Mr. Jacobo-Ramirez, had an approved Deferred Action for Childhood Arrivals ("DACA") status, and he already had his bond hearing before an Immigration Judge. 2025 WL 3270137, at *3. He was found to pose no flight risk or danger and was released on bond by an IJ. *Id.* However, his bond was rescinded and then the petitioner challenged his subsequent re-arrest and detention. *Id.* Accordingly, that plaintiff was ordered to be released on the bond conditions imposed by the previous IJ. *Id.* at *13.

The second named plaintiff in *Ramirez*, Mr. Guevara-Alcantar, had not had a bond hearing before an immigration judge because of the government's policies. *Id* at *4. However, his circumstances were still distinct from Petitioner's because he was granted deferred action from removal after United States Citizenship and Immigration Services ("USCIS") found his U-Visa application was bona fide and had a valid employment authorization. *Id.* Mr. Guevara-Alcantar was still only granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at *13.

Unlike the plaintiffs in *Ramirez*, in this case, Petitioner does not have DACA status, was not previously released on bond, nor has a bona fide U-Visa application. Petitioner also relies on *Sandoval v. LaRose* and *Rujano v. Lynch*, but those cases also do not support Petitioner's request for immediate release instead of an individualized bond hearing. *See Rujano v. Lynch*, 2026 WL 18618 (W.D. Mich. Jan. 2, 2026); *Sandoval v. LaRose*, 2025 WL (S.D. Cal. Dec. 10, 2025). First, *Sandoval* also predates the final judgment in *Maldonado Bautista*. In that case, the court found exhaustion to be futile and ordered an individualized bond hearing. Similarly, in *Rujano*, although the Court ordered Petitioner's release (instead of a bond hearing), the Petitioner in that case had been previously granted parole. 2026 WL 18618, at *4 ("Respondents do not explain, and the Court fails to discern, how the issuance of this form after ICE arrested Petitioner could show that ICE made any individualized determination about Petitioner's parole prior to Petitioner's arrest."). Here, Petitioner was not previously granted parole. Petitioner has a pending application for asylum and withholding of removal as well as cancellation of removal and adjustment of

25cv3818-LL-BJW

status before the San Diego Immigration Court. Pet. ¶ 2. However, Petitioner fails to provide any controlling authority (and the Court is not aware of any) to support her position that she is entitled to release instead of an individualized bond hearing.[2]

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition to the extent it requests an individualized bond hearing, and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within **seven (7) days**. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** Petitioner's Petition to the extent that Petitioner requests to be released from custody. As this concludes the litigation in this case, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  January 22, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[2] The Court also finds that – independent of *Maldonado Bautista* – Petitioner, as a noncitizen detained after years of residing in the United States, is properly designated  as a noncitizen detained under § 1226(a), not § 1225(b)(2), meaning she is not subject to § 1225(b)(2)'s mandatory detention but rather has a chance to be released on bond during her removal proceeding per § 1226(a). The Court incorporates its reasoning on this issue in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025).

25cv3818-LL-BJW